UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK NORBERG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4587** |
| **CENAC MARINE SERVICES, LLC** | **SECTION "B"(1)** |

## ORDER AND REASONS

Before the Court is Defendant Cenac Marine Services' ("Defendant") "Partial Motion for Summary Judgement" (Rec. Doc. 13) and Plaintiff Derrick Norberg's "Response in Opposition" ("Plaintiff") (Rec. Doc. 17). For the reasons below,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Rec. Doc. 13) is **GRANTED**. Plaintiff's second cause of action is **DISMISSED with Prejudice.**

**FACTS AND PROCEDURAL HISTORY**

This case involves alleged injuries by Plaintiff while he was employed as a tankerman aboard Defendant's vessel, the M/V WEEZIE (the "Vessel"). Rec. Doc. 1. On August 22, 2015, Plaintiff injured his back while operating a winch aboard the vessel. Rec. Docs. 1 and 13-1. Plaintiff's Complaint alleges that after the August 2015 incident, Plaintiff "continued to work in pain until January 13, 2016, when he picked up a 3" line and experienced immediate back pain." Rec. Doc. 1 at 3. Plaintiff seeks damages for unseaworthiness for the above claims. Defendant's instant motion

seeks summary judgment in its favor in regards to Plaintiff's second cause of action for the January 2016 incident.

**LAW AND ANALYSIS**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

Here, it is uncontested that Plaintiff's back was originally injured in the January 2015 incident where slack formed in the line that Plaintiff was tightening using a winch. Rec. Docs. 1 and 13-1. Further, Plaintiff's Opposition clarifies that Plaintiff does not allege a re-injury and instead alleges that the January 15 injury was a continuation of the original August 2015 injury. Plaintiff's Opposition further seeks that any order granting summary judgment be limited to the allegations concerning Jones Act negligence and unseaworthiness as to *only* the January 13, 2016 incident.

Similarly, this Court finds that there are no genuine issues of material facts as to the cause Plaintiff's January 2016 injury. Plaintiff offers no evidence as to any unseaworthiness on the part of Defendant in relation to the alleged second injury. Further, Plaintiff clarifies in his opposition that he does not allege a second injury. *See* Rec. Doc. 17. Plaintiff's allegations that he "bent over" and "stood up" are insufficient to allege a second cause of action against Defendants for unseaworthiness under the Jones Act. Accordingly, Defendant's Motion for Partial Summary Judgment is **GRANTED as to Plaintiff's Second Cause of Action, relative to unseaworthiness and Jones Act negligence claims arising from the January 13, 2016 event.**

New Orleans, Louisiana, this 23rd day of May, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE